LAW OFFICES OF MICHAEL T. HARRISON
Michael T. Harrison (SBN 158983)
mharrison30@aol.com
25876 The Old Road, #304
Stevenson Ranch, CA 91381
Telephone: 661-257-2854
Facsimile: 661-257-3068

Attorney for Plaintiff SCOTT SCANLAN

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT SCANLAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARDS FEDERAL CREDIT UNION,<br><br>Defendant. | Case No. CV 11 00345-DSF (SSx)<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Now comes SCOTT SCANLAN ("Plaintiff"), on behalf of himself and all others similarly situated and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action individually and on behalf of all others similarly situated against Defendant *Edwards Federal Credit Union* alleging violations of the Electronic Fund Transfer Act, 15 U.S.C.§ 1693 *et seq.* and its implementing regulations 12 C.F.R. § 205 *et seq.* (hereinafter referred to collectively as the "EFTA").

2. The Congressional findings and declaration of purpose regarding the EFTA are as follows:

-1-

Plaintiff *Scott Scanlan*'s Class Action Complaint

(a) Rights and liabilities undefined

The Congress finds that the use of electronic systems to transfer funds provides the potential for substantial benefits to consumers. However, due to the unique characteristics of such systems, the application of existing consumer protection legislation is unclear, leaving the rights and liabilities of consumers, financial institutions and intermediaries in electronic fund transfers undefined.

(b) Purposes

It is the purpose of this subchapter to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems. The primary objective of this subchapter, however, is the provision of individual consumer rights.

15 U.S.C. § 1693.

3. Among other things, the EFTA imposes certain disclosure requirements upon operators of automated teller machines ("ATMs").

4. 15 U.S.C. § 1693b(d)(3)(A) requires any ATM operator who imposes fees on consumers in connection with electronic fund transfers to provide notice of the fact that the fee is being imposed and the amount of the fee.[1]

5. 15 U.S.C. § 1693b(d)(3)(B) identifies the location where the required notice must be posted as follows:

(B) Notice requirements

(i) On the machine

The notice required under clause (i) of subparagraph (A) with respect to any fee described in such paragraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

(ii) On the screen

---

[1] "Electronic fund transfer" is defined as "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, direct deposits or withdrawals of funds, and transfers initiated by telephone...." 15 U.S.C. § 1693a(6).

Plaintiff *Scott Scanlan*'s Class Action Complaint

> The notice required under clauses (i) and (ii) subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued form such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction....

6. The relevant implementing regulation, 12 C.F.R. § 205.16(c) reinforces EFTA's statutory posting requirement, mandating that the mandatory fee notice: 1) be posted in a "prominent and conspicuous location" on or at the ATM machine; <u>and</u> 2) "on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying the fee." 12 C.F.R. § 205.16(c)(1) and (2).

7. 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. 205.16(e), prohibit ATM operators from imposing a fee on a consumer unless EFTA's notice and posting requirements are followed by the ATM operator.

8. Specifically, 15 U.S.C. § 1693b(d)(3)(C) states, in relevant part:

(C) Prohibition on fees not properly disclosed and explicitly assumed by the consumer

> No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless—

(i) The consumer receives such notice in accordance with subparagraph (B)...

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693 *et. seq.*

10. Plaintiff's claims asserted herein arose in this judicial district and Defendant is the operator of ATMs in this judicial district.

11. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

12. Plaintiff, *Scott Scanlan*, is and at all times relevant hereto was a resident of Los Angeles County, California.

13. Defendant, *Edwards Federal Credit Union* is headquartered at 10 South Muroc Drive, Edwards, California 93524.

14. Defendant is an automated teller machine operator, as that term is defined by 12 C.F.R. § 205.16(a) which states: "Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which the inquiry is made."

## FACTS RELATED TO PLAINTIFF'S TRANSACTION

15. Specifically, Plaintiff made a cash withdrawal from Defendant's ATM at the following location:

  (a) On or about February 25, 2010 Plaintiff made an electronic fund transfer at Defendant's ATM at 44288 North 10th Street, West Lancaster, California. Defendant charged Plaintiff a fee of $1.50 in connection with the above-described transaction.

  (b) On or about February 25, 2010 Plaintiff made a second electronic fund transfer at Defendant's ATM at 44288 North 10th Street, West Lancaster, California. Defendant charged Plaintiff a fee of $1.50 in connection with the above-described transaction.

16. At the time of the above-described electronic transaction, Plaintiff did not maintain any accounts with Defendant.

17. However, at the time of the above-described transaction, there was no notice posted "on or at" the ATM operated by Defendant apprising consumers that a fee would be charged for use of the ATM.

18. Because Defendant did not post the required notice, it was not permitted to charge a usage fee to Plaintiff and other class members.

- 4 -

Plaintiff *Scott Scanlan*'s Class Action Complaint

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this class action on behalf of herself and all other similarly situated pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.

20. Plaintiff seeks to represent a class of persons to be defined as follows:

> All persons who: 1) where charged a "terminal owner fee" at an ATM operated by Defendant when such persons made an electronic fund transfer and/or balance inquiry where, 2) no notice indicating that such fee was to be charged was posted on the outside of the ATM machine.

21. <u>Numerosity</u>: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

22. Plaintiff is informed and believes, and thereon alleges, that there are at minimum, thousands of members of the class described above.

23. The exact size of the class and the identities of the individual members thereof are ascertainable through Defendant's records.

24. Members of the class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this Court.

25. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the class. The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful and willful conduct.

26. Plaintiff and members of the class were each consumers who used an ATM machine operated by Defendant to make an electronic fund transfer or balance inquiry and were charged a terminal owner fee, notwithstanding that the

posting providing notice of the fee required by EFTA "on or at" Defendant's terminals was not present.

27. <u>Common Questions of Fact and Law:</u> There is a well-defined community of interest and common questions of fact and law affecting members of the class.

28. The questions of fact and law common to the class predominate over questions which may affect individual members and include the following:

    a.    Whether, under 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. 205.16, Defendant was, at all relevant times, an automated teller machine operator that imposed a fee on consumers for providing host electronic fund transfer services to those consumers;

    b.    Whether Defendant complied with the notice requirements of 15 U.S.C. § 1693(d)(3)(B) and 12 C.F.R. 205.16; and,

    c.    Whether Plaintiff and members of the class are entitled to statutory damages, costs and/or attorneys' fees for Defendant's acts and conduct.

29. <u>Adequacy of Representations:</u> Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class. Plaintiff has retained counsel who is competent and experienced in the prosecution of class action litigation.

30. <u>Superiority:</u> A class action is superior to other available means for the fair and efficient adjudication of the claims of the class. While the aggregate damages which may be awarded to the members of the class are likely to be substantial, the damages suffered by the individual members of the class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the class. The likelihood of the individual members of the

1  class prosecuting separate claims is remote. Individualized litigation would also
2  present the potential for varying, inconsistent, or contradictory judgments, and
3  would increase the delay and expense to all parties and the court system resulting
4  from multiple trials of the same factual issues. In contrast, the conduct of this
5  matter as a class action presents fewer management difficulties, conserves the
6  resources of the parties and the court system, and would protect the rights of each
7  member of the class. Plaintiff knows of no difficulty to be encountered in the
8  management of this action that would preclude its maintenance as a class action.

## SUBSTANTIVE VIOLATION

31. 15 U.S.C. § 1693b(d)(3)(A) provides that as a prerequisite to imposition of a usage fee upon a consumer for host transfer services, an automated teller machine operator must provide notice to the consumer consistent with subparagraph (B) of that statutory section.

32. Subparagraph (B) of 15 U.S.C. § 1693(d)(3) provides in relevant part:

(B) Notice requirements

(i) On the machine

The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

33. In turn, subparagraph (c) of 15 U.S.C. § 1693b(d)(3) states, in relevant part:

(C) Prohibition on fees not properly disclosed and explicitly assumed by the consumer

No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless—

(i) The consumer receives such notice in accordance with subparagraph (B)...

- 7 -

Plaintiff *Scott Scanlan*'s Class Action
Complaint

34. EFTA's statutory notice requirements are reinforced by the implementing regulations set forth at 12 C.F.R. § 205.16.

35. Defendant violated the notice requirements of EFTA in connection with providing host transfer services to Plaintiff and the Class.

36. Defendant was prohibited from imposing any usage fee or similar fee for providing host transfer services because it failed to comply with EFTA's notice requirements.

37. 15 U.S.C. § 1693m provides that Defendant shall be liable to Plaintiff and Class for violations of 15 U.S.C. § 1693 *et seq.* in the amount of, *inter alia,* statutory damages to be determined by the Court, the costs of this action and reasonable attorneys' fees.

38. Plaintiff seeks the imposition of statutory damages, costs of suit and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the members of the class, prays for:

    a. An order certifying the class and appointing Plaintiff as the representative of the class, and appointing counsel for Plaintiff as counsel for the class;

    b. An award to Plaintiff and the members of the class of statutory damages;

    c. Payment of costs of suit; and,

    d. Payment of reasonably attorneys' fees.

**A TRIAL BY JURY IS DEMANDED.**

| | |
|---|---|
| Dated: January 12, 2011 | Respectfully submitted, |
| | LAW OFFICES OF MICHAEL HARRISON |
| | By: _____ |
| | Michael Harrison |
| | Law Offices of Michael Harrison |
| | 25876 The Old Road, #304 |
| | Stevenson Ranch, California 91381 |
| | Tel. No. (661) 257-2854 |
| | Fax No. (661) 257-3068 |
| | Email: mharrison30@aol.com |
| | Counsel for Plaintiff |
| | *SCOTT SCANLAN* |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

### CV11- 345 DSF (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Law Offices Of Michael T. Harrison
25876 The Old Road, #304
Stevenson Ranch, CA 91381

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCANLAN, individually and on behlaf of all others similarly situated, <br><br> PLAINTIFF(S) <br> v. <br> EDWARDS FEDERAL CREDIT UNION, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV 11 00345 -DSF(SS) <br><br> **SUMMONS** |

TO: DEFENDANT(S): EDWARDS FEDERAL CREDIT UNION

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, MICHAEL HARRISON, whose address is 25876 THE OLD ROAD, #304, STEVENSON RANCH, CA 91381. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __JAN 12 2011__    By: __MARILYN DAVIS__
                              Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                              **SUMMONS**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) | **DEFENDANTS** |
|---|---|
| SCOTT SCANLAN, individually and on behalf of all others similarly situated | EDWARDS FEDERAL CREDIT UNION |

| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| LAW OFFICES OF MICHAEL T. HARRISON, 25876 THE OLD ROAD, #304, STEVENSON RANCH, CA 91381, 661-257-2854 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ STATUTORY DAMAGES

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 1963 ET. SEQ VIOLATIONS OF THE ELECTRONIC FUND TRANSFER ACT

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | REAL PROPERTY | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | | FEDERAL TAX SUITS |
| | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV 11 00345

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date _1-12-11_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |