EXHIBIT 3

LAW OFFICES OF MICHAEL T. HARRISON
Michael T. Harrison (SBN 158983)
mharrison30@aol.com
25876 The Old Road, #304
Stevenson Ranch, CA  91381
Telephone:  661-257-2854
Facsimile:  661-257-3068

Attorney for Plaintiff  SCOTT SCANLAN

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCANLAN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>EDWARDS FEDERAL CREDIT UNION,<br><br>        Defendant. | Case No. CV-11-00345 DSF(SSX)<br><br>**STIPULATION OF SETTLEMENT** |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

**IT IS HEREBY STIPULATED AND AGREED** by and between Scott Scanlan ("Plaintiff" or "Class Representative"), individually and on behalf of all others similarly situated, with the assistance and approval of Class Counsel, on the one hand, and Edwards Federal Credit Union ("Defendant" or "EFCU"), with the assistance of its counsel of record, on the other hand, as set forth below.

## INTRODUCTION

This Class Action Settlement Agreement and all associated exhibits or attachments is made for the sole purpose of consummating settlement of the Lawsuit on a class basis. The Settlement Agreement is made in full compromise

1    and release of all disputed claims.  Because the Lawsuit was pled as a putative class

2    action, this settlement must receive preliminary and final approval by the Court.

3    Accordingly, the Settling Parties enter into this Settlement Agreement on a

4    conditional basis only.  In the event that the Court does not execute and enter the

5    Final Approval Order or in the event that the Final Approval Order does not

6    become Final for any reason, the Settlement Agreement shall be deemed null and

7    void *ab initio*, it shall be of no force or effect whatsoever (except as provided in

8    paragraphs 2.4(D) and 2.8(D) below), it shall not be referred to or utilized for any

9    purpose whatsoever, and the negotiations, terms and entry of the Settlement

10   Agreement shall remain subject to the provisions of Federal Rule of Evidence 408

11   and any applicable state law(s).

12       Defendant denies all of Plaintiff's claims, allegations and contentions as to

13   liability, damages, penalties, interest, fees, restitution and all other forms of relief,

14   and the class action allegations asserted in the Lawsuit.  The parties have concluded

15   that further conduct of the Lawsuit may be protracted and expensive, and that it is

16   desirable that the Lawsuit be fully and finally resolved in the manner and upon the

17   terms and conditions set forth in this Settlement Agreement.

18       **NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND**

19   **AGREED** by and among the Class Representative (for himself and the Class

20   Members) and Defendant, with the assistance of their counsel or attorneys of

21   record, that, as among the Settling Parties, including all Class Members, the

22   Lawsuit and the Released Claims shall be finally and fully compromised, settled

23   and released, and the Lawsuit shall be dismissed with prejudice, as to all Settling

24   Parties, upon and subject to the terms and conditions set forth herein.

25                          <u>**RECITALS**</u>

26       **WHEREAS,** the Lawsuit was commenced by Plaintiff, individually and on
     behalf of the class of persons defined in the Lawsuit, and is currently pending and
27   unresolved between the Settling Parties;

28       **WHEREAS,** in the Lawsuit, Plaintiff alleges that Defendant violated the

Electronic Funds Transfer Act 15 U.S.C. §1693 et seq., by failing to provide adequate notice of automated teller machine ("ATM") fees;

**WHEREAS,** in the Lawsuit, Plaintiff seeks statutory damages, attorneys' fees and costs;

**WHEREAS,** Defendant denies Plaintiff's claims, denies any liability to Plaintiff or the proposed class, and denies wrongdoing of any kind;

**WHEREAS,** Plaintiff and Defendant agree that it is desirable that the Lawsuit and the claims alleged therein be settled upon the terms and conditions set forth herein to avoid further expense and uncertain, burdensome and potentially protracted litigation, and to resolve all claims that have been or could have been asserted by Plaintiff and the Settlement Class;

**WHEREAS,** the Settling Parties have engaged in extensive arms-length settlement negotiations and the Class Counsel represent that they have otherwise conducted a thorough study and investigation of the law and the facts relating to the claims that have been or might have been asserted in the Lawsuit and have concluded, taking into account the benefits that Plaintiff and the Settlement Class Members will receive as a result of this Settlement Agreement and the risks and delays of further litigation, that this Settlement Agreement is fair, reasonable and adequate and in the bests interests of Plaintiff and the Settlement Class Members; and

**WHEREAS,** in consideration of the foregoing and other good and valuable consideration, it is hereby stipulated and agreed by and between Plaintiff and Defendant that the claims of Plaintiff and the Settlement Class be and are hereby compromised and settled, subject to the approval of the Court, upon the terms and conditions set forth below.

## DEFINITIONS

As used in all parts of this Settlement Agreement, the following terms have the meanings specified below:

1.1    "ATM at Issue" means the two automated teller machines operated by Defendant at 44288 North 10th Street, West Lancaster, California.

1.2    "Claim Form" means the form attached hereto as Exhibit A.

1.3    "Class Counsel" means Michael Harrison of The Law Offices of Michael T. Harrison.

1.4    "Class Member" means a person who is a member of the Settlement Class.

3

1.5 "<u>Class Notice</u>" means the notice to be approved by the Court as set forth in paragraph 2.4 below.

1.6 "<u>Class Period</u>" means January 12, 2010 through February 5, 2011.

1.7 "<u>Court</u>" means the United States District Court Central District of California.

1.8 "<u>Effective Date</u>" means the date on which the Final Approval Order becomes Final.

1.9 "<u>Fairness Hearing</u>" means a hearing set by the Court for the purpose of: (i) determining the fairness, adequacy and reasonableness of the Settlement Agreement pursuant to class action procedures and requirements; and (ii) entering a Final Approval Order.

1.10 "<u>EFCU</u>" means Edwards Federal Credit Union.

1.11 "<u>EFCU Releasees</u>" means Edwards Federal Credit Union (and each of its current and former officers, directors, managers, shareholders, employees, predecessors, successors, assigns, agents and attorneys).

1.12 "<u>Final</u>" means the later of (i) the date of expiration for the time for noticing an appeal from the Final Approval Order; or (ii) the date of final affirmance or dismissal of the last pending appeal if an appeal is noticed.

1.13 "<u>Final Approval Order</u>" means an order to be entered by the Court entitled "Final Approval Order," substantially in the form attached hereto as Exhibit F.

1.14 "<u>Lawsuit</u>" means the lawsuit styled Scott Scanlan v. Edwards Federal Credit Union, currently pending in the Court as Case No. 10-CV-11-00345 DSF-SSX.

1.15 "<u>Participating Claimant</u>" means each Class Member who properly and timely submits a Valid Claim Form in response to the Class Notice.

1.16 "<u>Preliminary Approval Date</u>" means the date on which the Court enters a Preliminary Approval Order.

1.17 "<u>Preliminary Approval Order</u>" means an order to be entered by the court, entitled "Preliminary Approval Order," substantially in the form attached hereto as Exhibit E.

4

1.18 "Released Claims" mean, collectively, any and all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, including, without limitation, statutory, constitutional, contractual or common law claims, whether known or unknown, against the EFCU Releasees, or any of them, that accrued at any time on or prior to the Preliminary Approval Date for any type of relief, including, without limitation, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys fees, litigation costs, restitution or equitable relief, based on any and all claims in any way related to Defendant's alleged failure to provide adequate notice of ATM fees at the ATMs at Issue, and all claims made in the Lawsuit.

1.19 "Settlement Agreement" means this Settlement Agreement and all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all material terms and conditions of the Settlement among them and which is subject to Court approval.

1.20 "Settlement Class" means the conditional class that the Settling Parties have consented to for purposes of settlement only, as described in paragraph 2.1 below.

1.21 "Settlement Fund" means the fund described in paragraph 2.2 below.

1.22 "Settling Parties" or "Parties" means Plaintiff and Defendant, and/or their respective representatives and attorneys, and all Class Members who do not timely opt out in accordance with paragraph 2.5(A).

1.23 "Valid Claim Form" means a Claim Form that is completed, signed under penalty of perjury, and timely returned to the Class Settlement Administrator, postmarked within forty five (45) days after the date of entry of the Preliminary Approval Order. Upon its receipt of any Claim Form, the Class Settlement Administrator shall verify, prior to any payment to a Claimant, that each Claim Form submitted is valid in that it reflects use of the ATMs at issue during the Class Period and for which usage the Class Member was charged a usage fee by Defendant. Administrator shall verify validity of submitted claim forms by reference to documentation provided by the Credit Union.

## TERMS AND CONDITIONS

2.1 The Settlement Class. The Settling Parties stipulate to certification of the following class for settlement purposes only:

All persons who, from January 12, 2010 through February 5, 2011, were charged a transaction fee for making a withdrawal from a personal (not business) account through use of the automated teller machines operated by Edwards Federal Credit Union at 44288 North 10th Street, West Lancaster, California.

2.1A. Plaintiff's counsel warrants and represents that he is not aware of any clients or potential clients, and does not have any clients or potential clients, with current claims against EFCU with regard to any ATM disclosure claims, other than clients or potential clients who would be members of the instant proposed Settlement Class.

2.2    **Settlement Fund**. Within 10 days after a Preliminary Approval Order is entered, Defendant shall pay $60,000.00, to the Settlement Class Administrator (see paragraph 2.8 below), which will be deposited into an escrow or trust account for the benefit of Plaintiff, the Settlement Class and Class Counsel, which will constitute the Settlement Fund.  EFCU shall not be required to pay any amounts pursuant to this Agreement other than the Settlement Fund.  The Settlement Fund shall be disbursed as follows:

A.    Class Notice.  Costs of notice (see paragraph 2.4 below) and settlement administration (see paragraph 2.8 below) shall be paid from the Settlement Fund at the time such expenses are incurred.

B.    Remainder of Settlement Fund.  After the Effective Date, the amount remaining in the Settlement Fund after costs of notice and administration are deducted shall be as follows:

1. Payment to Class Representative.  Class Representative shall receive $2,000 for his individual claim and as an incentive award for his services as Class Representative. Defendant agrees not to object to the Court awarding this amount to Class Representative. This payment must be made not later than 5 days after the Effective Date.

2. Payment to Class Counsel. Class Counsel shall receive $15,000.00 of the Settlement Fund in full satisfaction of all reasonable attorneys' fees and costs.  This payment is subject to Court Approval and Defendant agrees not to object to the Court awarding this amount to Class Counsel. This payment must be made not later than 5 days after the Effective Date.

3.  Class Recovery.  The amount remaining in the Settlement Fund after deducting the amount set forth in paragraphs 2.2(a), 2.2(b)(1) and 2.2(b)2 above shall be divided pro rata

875078.1 4526.090

among Participating Claimants who are entitled to payment pursuant to paragraph 1.23 above; provided, however, that no Class Member shall receive payment from the Settlement Fund in an amount to exceed $100.00. Each Class Member shall be eligible to receive one pro rata payment, regardless of whether that Class Member used the ATM at Issue multiple times. All Participating Claimant payments must be made within 10 days after the Effective Date, or in the case of an unresolved challenge or eligibility determination under paragraph 1.23 or 2.8(C), within 10 days after the challenge or eligibility determination is resolved in favor of payment, whichever is later.

4. <u>Cy Pres.</u>  Money remaining in the Settlement Fund, if any, after payments are made pursuant to paragraphs 2.2(A), 2.2(B)(1), 2.2(B)(2) and 2.2(B)(3) above, shall be paid as a *cy pres* award as follows:   (1) 25% to University of Southern California, Attention Adam Bart (2) 25% to The Harold Pump Foundation a public charity and (3) 25% to Grace Resources, a public charity and (4) 25% to The Painted Turtle.   These payments must be made not later than 5 days after all payments, if any, are made to any claimants as set forth in 2.2(B)3 above.

C.   <u>Refund of Settlement Fund in the Event the Settlement Agreement is Not Implemented.</u>  In the event that this Agreement does not receive final approval from the Court, or if an entered Final Approval Order does not become "Final" as defined in paragraph 1.12, or if EFCU exercises its right to rescind the Agreement pursuant to paragraph 2.5A below, then the amount remaining in the Settlement Fund at the time the Agreement is rejected by the Court, or at the time EFCU rescinds the Agreement, less any accrued but unpaid fees relating to Class Notice and administration, shall be refunded to EFCU within 10 days of the trigger date as defined in this paragraph

2.3   **Release**.

A.   <u>General Release by Plaintiff to EFCU.</u>  Except for the obligations created by this Settlement Agreement, upon the Effective Date, Plaintiff, for himself and his spouse, heirs, executors, administrators, and assigns, hereby remises, releases and forever discharges the EFCU

875078.1 4526.090

Releasees from any and all claims, charges, complaints, demands, judgments, causes of action, rights of contribution and indemnification, attorneys' fees, costs and liabilities of any kind whatsoever, known or unknown, in law or equity, arising out of the use of any EFCU ATM or any other facts supporting the Complaint, from the beginning of time to the date this Agreement is signed by the Plaintiff.

Plaintiff acknowledges that he has had the opportunity to review this matter with legal counsel and is familiar with the provisions of California Civil Code section 1542, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff hereby acknowledges that the above release includes a waiver of any rights that might apply under the foregoing code provision, as well as any statutes or common law principles of similar effect.

B.    Limited Release by Class to EFCU.  Except for the obligations created by this Settlement Agreement, upon the Effective Date, each Class Member that has not excluded himself or herself from the Class (for themselves and their respective current and former heirs, executors, administrators, controlled companies, partners, employees, assigns, agents and attorneys) remises, releases and forever discharges the EFCU Releasees from any and all claims, charges, complaints, demands, judgments, causes of action, rights of contribution and indemnification, attorneys' fees, costs and liabilities of any kind, whether known or unknown that were brought or that could have been brought by the Lawsuit and waives all rights against the EFCU Releasees with respect to any and all actions, causes of action, claims, counterclaims, breaches, controversies, demands, damages, expenses, losses, costs, attorneys' fees, court costs, loss of income, loss of value or loss of services of any type whatsoever, known or unknown, past or present, whether under foreign or domestic tort or contract law and/or any other foreign or domestic statute, law, regulation, ordinance, certificate of incorporation or by-law relating to the claims made by

the Plaintiff in the Lawsuit or related to the Defendant's alleged failure to provide adequate notice of ATM fees at the ATM at Issue.

Each class member who has not excluded himself from the class expressly, knowingly and voluntarily waives the provisions of Section 1542 of the California Civil Code, which provide as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Class members expressly waive and relinquish any and all rights and benefits which they may have under, or which may be conferred upon them by, the provisions of Section 1542 of the Civil Code, or any other law of any state or territory which is similar, comparable or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or benefits.

C.   <u>Limited Release by EFCU to Plaintiff and Class</u>.   Except for the obligations created by this Settlement Agreement, upon the Effective Date, EFCU (and each of its current and former officers, directors, managers, shareholders, employees, predecessors, successors, assigns, agents and attorneys) remises, releases and forever discharges Plaintiff (and each of his respective current and former heirs, executors, administrators, assigns, agents and attorneys) and each Class Member that has not excluded himself or herself from the Class (for themselves and their respective current and former heirs, executors, administrators, controlled companies, partners, employees, assigns, agents and attorneys) from any and all claims, charges, complaints, demands, judgments, causes of action, rights of contribution, and indemnification, attorneys' fees, costs and liabilities of any kind, whether known or unknown, arising from the investigation, filing or prosecution of the Lawsuit.

2.4   **Class Notice**.   If, by entering the Preliminary Approval Order, the Court provides authorization to provide the Class Notice to Class Members, the Parties will cause Class Notice to be given as follows:

A.   <u>Publication</u>.   Defendant shall cause notice to the Settlement Class to be published, within 14 days after entry of a Preliminary Approval Order

and in the form and substance set forth in Exhibit B hereto, once in the Antelope Valley Press newspaper.  The publication notice shall be a display ad of one-quarter (1/4) page in size.

B.  <u>Posted Notice</u>.  Defendant shall cause notice to the Settlement Class to be posted, starting no later than 14 days after the Preliminary Approval Order is entered and continuing for a period of 30 days, but no more than 30 days after initial posting, on the ATM at Issue in the form substantially set forth in Exhibit C hereto.   Defendant shall be responsible for posting and monitoring the Posted Notice on the ATM at Issue.  Defendant shall take one photograph of the Posted Notice during the relevant Notice period and provide to Class Counsel as proof of the required posting.  Class Counsel or their designee shall have the right to visually inspect the sign posted and Class Counsel or their designee agree not to interfere with said Notice.  Defendant shall not interfere with Class Counsel or their designee's visual inspection.

C.  <u>Website</u>.  Class Counsel or the Settlement Administrator shall cause notice to the Settlement Class to be posted, starting no later than 14 days after a Preliminary Approval Order is entered and continuing to the last date for Class Members to Opt-Out, on the internet at www.morecaseinfo.com in the form and substance set forth in Exhibit D hereto.

D.  <u>Costs</u>.  Costs of notice set forth in this paragraph 2.4 shall be paid from the Settlement Fund; provided, however, that if this Agreement is terminated pursuant to its terms or if the Court does not approve this Agreement, the costs of notice already incurred shall not be refunded to Defendant.

2.5   **Opt-Out/Exclusion/Right to Object/Participation**.

 A. <u>Opt-Out/Exclusion.</u>  Any Class Member, except Plaintiff, may seek to be excluded from this Settlement Agreement and from the Settlement Class as detailed in the Class Notice and within the time and in the manner provided by the Court.  Any Class Member so excluded shall not be bound by the terms of this Settlement Agreement and shall not be entitled to any of its benefits.  If more than 10 class members opt-out/exclude themselves from this Agreement, EFCU shall have the right, in its sole discretion, to rescind this Agreement and to demand the return of the remaining Settlement Fund pursuant to paragraph 2.2C.

 B. <u>Objection.</u>  Any Class Member, except Plaintiff, may object to the terms of this Settlement Agreement in writing, as detailed in the Class Notice and within the time and in the manner provided by Court order.  Any Class Member who exercises his or her right to object to this Settlement Agreement will be responsible for his or her own attorneys' fees and costs.  Class Counsel and counsel of record for Defendant must also be served with copies of any objections, postmarked no later than the Opt-Out Deadline.  The Class Notice shall advise Settlement Class Members of this option.  Any objections must be in writing and timely submitted or else they are waived.

 C. <u>Participation.</u>  Any Class Member may seek to participate in the Lawsuit.  Any Class Member who exercises his or her right to participate in the Lawsuit will be responsible for his or her own attorneys' fees and costs.

2.6   **Preliminary Approval Order**.  As soon as practicable after execution of this Settlement Agreement, Plaintiff shall seek an order from the Court that:

 A. preliminarily approves this Settlement Agreement;

 B. conditionally certifies for purposes of settlement the Settlement Class;

 C. schedules a hearing for final approval of this Settlement Agreement by the Court; and

 D. approves the form and manner of Class Notice as set forth in paragraph 2.4 herein and finds that such notice satisfies the requirements of due process pursuant to Federal Rules of Civil Procedure 23, the United States Constitution and any other applicable

laws and finds that no further notice to the Settlement Class is required.

The Plaintiff agrees to request the form of Preliminary Approval Order attached hereto as Exhibit E.  The fact that the Court may require changes in the Preliminary Approval Order will not invalidate this Settlement Agreement if the changes do not materially modify this Settlement Agreement.

2.7   **Final Approval Order**.  At the conclusion of, or as soon as practicable after, the close of the Fairness Hearing, Class Counsel will request that the Court enter a Final Approval Order approving the terms of this Settlement Agreement as fair, reasonable and adequate; providing for the implementation of its terms and provisions; finding that the Class Notice given to the Settlement Class satisfies the requirements of due process pursuant to Federal Rules of Civil Procedure, the United States Constitution and any other applicable law; dismissing the claims of Plaintiff and the Settlement Class with prejudice and without costs; and retaining exclusive jurisdiction to enforce the terms of the Final Approval Order attached hereto as Exhibit F.  The fact that the Court may require changes in the Final Approval Order will not invalidate this Settlement Agreement if the changes do not materially modify this Settlement Agreement.

2.8   **Administration of Class Benefits**.

A. Class Settlement Administration.  Class Counsel and EFCU shall jointly designate a third-party class settlement administrator ("Class Settlement Administrator") to process Claim Forms and to distribute the Settlement Fund as described in paragraph 2.2 above.  In the event that the parties cannot agree upon a Class Settlement Administrator, they shall present that issue to the Court for final determination.  The Settlement Fund shall be distributed within the time frames set forth in paragraph 2.2 above, subject to any extension allowed by paragraph 2.8(C) below.

B. Eligibility.  If the Class Settlement Administrator receives an incomplete or otherwise improperly filled out Claim Form that is otherwise timely submitted, the Class Settlement Administrator shall contact the claimant and seek such information as is needed to correct the deficiency.  If the deficiency cannot be corrected by the Class Settlement Administrator, the Class Counsel and Defendant's Attorneys shall jointly determine whether the claimant is eligible to receive any of the benefits described in

paragraph 2.2, or if they cannot agree upon such a determination in good faith, then the Court shall determine whether the claimant is entitled to the relief requested.

C. <u>Extension for Distribution</u>.  If the Class Settlement Administrator, in its sole discretion, is required to obtain a W-9 form(s) from a Participating Claimant(s), then the Class Settlement Administrator shall have 60 days from the date of receipt of a completed W-9 form to distribute the portion of the Settlement Fund designated for such Participating Claimant(s).

D. <u>Costs</u>.  The Class Settlement Administrator shall be paid from the Settlement Fund; provided, however, that if this Agreement is terminated pursuant to its terms or if the Court does not approve this Agreement, the amount already paid to the Settlement Class Administrator shall not be refunded to the Defendant.

2.9    **Release of Attorney's Liens**.  In consideration of this Settlement Agreement, Class Counsel hereby waives, discharges and forever releases Defendant from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with the Lawsuit; provided, however, that this release is conditioned upon Final Approval of this Settlement Agreement by the Court and full performance by the Defendant of its obligations under this Settlement Agreement.

2.10   **No Admission of Liability**.  Whether or not this Settlement Agreement is consummated, this Settlement Agreement and all proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession by Defendant of any liability or wrongdoing whatsoever.

2.11   **Best Efforts**.  The Settling Parties and their respective counsel agree to cooperate fully with one another in seeking Court approval of this Settlement Agreement and to use their best efforts to effect the consummation of this Settlement Agreement.

2.12   **Notices**.  Notices regarding this Settlement Agreement directed to Plaintiff and/or the Settlement Class shall be sent to:

Michael T. Harrison
Law Offices of Michael T. Harrison
25876 The Old Road, #304
Stevenson Ranch, CA 91381
(661) 257-2854
(661) 257-3068 (fax)

Notices to Defendant shall be sent to:

> Colleen A. Déziel
> Anderson, McPharlin & Conners LLP
> 444 South Flower Street, Thirty-First Floor
> Los Angeles, CA 90071
> (213) 688-0080
> (213) 622-7594

The persons and addresses designated in this paragraph may be changed with written notice to the other signatories hereto.

2.13   **Counterparts**.  This Settlement Agreement may be signed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The signature pages may be collected and annexed to one or more documents to form a complete counterpart.  Photocopies, facsimiles or scanned copies of the signature pages of this Settlement Agreement may be treated as originals.

2.14   **Binding Agreement**.  Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of Plaintiff and each Class Member and each of their respective and current and former heirs, executors, administrators, assigns, agents and attorneys, all of whom/which persons and entities are intended to be beneficiaries of this Settlement Agreement.  Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of Defendant and each of its current and former heirs, executors, administrators, assigns, agents and attorneys.  There are otherwise no third-party beneficiaries of this Settlement Agreement.

2.15   **Governing Law**.  This Settlement Agreement (and any exhibits hereto) shall be considered to have been negotiated, executed and delivered, and to have been wholly performed in the State of California, and the rights and obligations of the Settling Parties to this Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal substantive laws of the State of California without giving effect to that State's choice of law principles.

2.16   **Retention of Jurisdiction**.  The Court shall retain jurisdiction to implement and to enforce the terms of this Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

2.17   **Interpretation**.  The Settling Parties acknowledge that they have had an equal opportunity to participate in the drafting of this Settlement Agreement and that each Party and its counsel reviewed and negotiated the terms and

875078.1 4526.090

provisions of this Settlement Agreement and have contributed to its revisions. Therefore, in any dispute over the construction or interpretation of this Settlement Agreement, the Settling Parties agree and understand that the Settlement Agreement shall be construed fairly as to all Settling Parties and shall not be construed against any Party on the basis of authorship. The Settling Parties further agree that in this Settlement Agreement the singular shall include the plural and vice versa where the content so requires.

2.18   **Entire Agreement**.   The Settlement Agreement constitutes the entire agreement of the Settling Parties hereto as to the matters raised herein. The undersigned acknowledge that there are no communications or oral understandings contrary to, in addition to, or different from the terms of this Settlement Agreement and that all prior agreements or understandings within the scope of the subject matter of this Settlement Agreement are, upon execution of this Settlement Agreement, superseded and merge into this Settlement Agreement and shall have no effect. This Settlement Agreement may not be amended or modified in any respect whatsoever, except by a writing duly executed by the Settling Parties and their respective counsel.

2.19   **Authority**.   The persons signing this Settlement Agreement hereby represent and warrant that they have read this Settlement Agreement, that they know and understand its terms, that they have consulted with counsel with respect hereto, that they have signed this Settlement Agreement freely, and that they intend that they and/or any person or entity on whose behalf they are signing this Settlement Agreement will be fully bound by all terms and provisions of this Settlement Agreement. Such persons further represent and warrant that they are competent to sign this Settlement Agreement and that, as necessary, all corporate or other legal formalities have been followed such that they have full authority to execute this Settlement Agreement on behalf of the person or entity for whom or for which they are signing the Settlement Agreement in a representative capacity.

2.20   **Headings**.   The headings of the several sections and paragraphs hereof are for convenience only and do not define or limit the contents of such sections or paragraphs.

2.21   **Severability**.   In case any one or more of the provisions contained in this Settlement Agreement shall be determined to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not in any way be affected and/or impaired thereby.

1         **[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IN WITNESS WHEREOF, the Settling Parties hereto have so agreed:**

**SCOTT SCANLAN**

Plaintiff and Class Representative

By: _____   Date: 6/17/11

Scott Scanlan

Approved as to form by THE LAW OFFICES OF MICHAEL T. HARRISON

By: _____   Date: 6-17-11

Michael T. Harrison
LAW OFFICES OF MICHAEL T. HARRISON
25876 The Old Road, #304
Stevenson Ranch, CA 91381
(661) 257-2854
(661) 257-3068 (fax)
mharrison30@aol.com

**EDWARDS FEDERAL CREDIT UNION**

By: _____   Date: 6/17/2011

Herb Oliver

Approved as to form by Anderson, McPharlin & Conners LLP

By: _____   Date: 6/17/11

Colleen A. Dezfen
Anderson, McPharlin & Conners LLP
444 South Flower Street, Thirty-First Floor
Los Angeles, CA 90071
(213) 688-0080
(213) 622-7594

Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CLAIM FORM

**Note: This Claim Form must be completely filled out and mailed (postmarked) to the Settlement Administrator by _____, 2011:**

Settlement Administrator

*c/o Scanlan v. Edwards Federal Credit Union* project

_____

    I affirm under penalties of perjury that I used one of the Edwards Federal Credit Union ATMs located at 44288 North 10th Street, West Lancaster, California between January 12, 2010 and February 5, 2011 to access and withdraw funds from a personal (not business) account, and was charged a transaction fee for the use of that ATM. I therefore believe I am a member of the Settlement Class described in the class notice and want to receive my share of the Settlement Fund.

Signature: _____

Printed Name: _____

Address: _____

    _____

Telephone No. _____

Last 4 Digits of
Card Used in
Transaction: _____

Name in Which
Account Accessed
by Card Is Held: _____

Name of Financial
Institution that Issued
Card Used in
Transaction: _____

Submission of this Claim Form does not guarantee that you will receive payment, as the information on any Claim Form is subject to validation and verification by the Settlement Administrator. **All requested information is necessary to constitute a valid claim.**

STIPULATION OF SETTLEMENT

875078.1 4526.090

1   Exhibit B

2   # EDWARDS FEDERAL CREDIT UNION ATMS
    # NOTICE OF CLASS ACTION SETTLEMENT

3   Scanlan v. Edwards Federal Credit Union, Case No. 10-CV-11-00345 DSF-SSX

4   **IF YOU USED THE EDWARDS FEDERAL CREDIT UNION ATMS REFERENCED IN THE
    NEXT PARAGRAPH BETWEEN January 12, 2010 AND February 5, 2011, AND WERE**

5   **CHARGED A FEE FOR THE USE OF THAT ATM, YOU MAY BE A CLASS MEMBER. THIS
    SETTLEMENT MAY AFFECT YOUR RIGHTS. FOR MORE INFORMATION, VISIT**

6   **WWW.MORECASEINFO.COM, OR CONTACT THE SETTLEMENT ADMINSTRATOR AT
    _____ OR CLASS COUNSEL MIKE HARRISON AT 661-257-2854.**

7

8   This Notice relates only to two (2) specific Edwards Federal Credit Union ATMs, located at 44288 North
    10th Street, West Lancaster, California, and concerns a lawsuit about charging of fees at this ATM. Mr.

9   Scanlan sued Edwards Federal Credit Union under a law called the Electronic Funds Transfer Act on the
    grounds that he did not believe that the ATM had an externally posted fee notice. Edwards Federal Credit

10  Union denies Mr. Scanlan's claims but has agreed to a settlement of the case.

11  The settlement includes everyone who was charged a fee for using the ATMs to access a personal (not
    business) account between January 12, 2010 and February 5, 2011. These people are called "Class

12  Members," and the time period that is covered is called the "Class Period." Edwards Federal Credit Union
    has agreed to establish a Settlement Fund to settle the case. Class Members may make a claim on the

13  Settlement Fund to receive a pro rata share, up to a maximum of $100, so the attorneys believe that a
    settlement allowing Class Members to make a claim for up to $100 is fair and reasonable. The Settlement

14  Fund will also be used to pay the costs of notifying Class Members of the Settlement and to process their
    claims, the lawyers who filed the lawsuit their reasonable attorney fees, not to exceed $15,000.00, and Mr.

15  Scanlan $2,000 for his services as the class representative.

16  On _____, 2011 at 312 N. Spring Street, Los Angeles, CA 90012, Judge Dale S. Fischer
    will hold a hearing to decide whether to finally approve this settlement. YOU DO <u>NOT</u> NEED TO

17  ATTEND. If the settlement is approved, all Class Members will be bound by the resulting judgment and
    court orders, and eligible Class Members will be entitled to claim benefits under the settlement. All Class

18  members have the right to obtain counsel in order to object to this settlement agreement. IF YOU ARE A
    CLASS MEMBER AND FAIL TO OPT OUT OF THIS SETTLEMENT AGREEMENT, IT WILL

19  BECOME BINDING UPON YOU.

20  You have three choices:

21  (1) If you want to receive your pro rata share of the Settlement Fund, up to a maximum of $100.00, you
    must submit a completed Claim Form and mail with postmark by _____, 2011, to the

22  Settlement Administrator at _____. Failure to submit a Claim Form will mean you receive
    no money but are still governed by a Release of your rights to sue Edwards Federal Credit Union for the

23  ATM fee notice claims raised in this Lawsuit. You may submit or download a Claim Form at
    www.morecaseinfo.com or call the Settlement Administrator at _____ to request a Claim Form.

24  (2) If you do not want to participate in the Settlement and want to retain any right you may have to pursue
    your claim separately, you must write a letter stating "EXCLUDE ME FROM THE SCANLAN V.

25  EDWARDS FEDERAL CREDIT UNION SETTLEMENT." Include your name and address and mail the
    letter to the Settlement Administrator at _____. Your letter must be postmarked by

26  _____, 2011 to be valid.

27  (3) If you think the Settlement is unfair, you may object to it by writing a memo stating the specific
    reasons for your objection and filing it with the Court at 312 N. Spring Street, Rm G-8, Los Angeles, CA

28  90012 _____ on or before _____, 2011 and sending a copy to Class Counsel at 25876

The Old Road, #304, Stevenson Ranch, CA 91381 and to counsel for Edwards Federal Credit Union  at Anderson, McPharlin & Conners LLP, 444 South Flower Street, Thirty-First Floor, Los Angeles, CA 90071-2901.

For more information, visit www.morecaseinfo.com or contact the Settlement Administrator at _____ or Class Counsel Mike Harrison at (661) 257-2854.

**DO NOT CONTACT THE COURT FOR INFORMATION
AS IT WILL NOT BE ABLE TO ASSIST YOU**

STIPULATION OF SETTLEMENT

875078.1 4526.090

Exhibit C

## **<u>NOTICE OF SETTLEMENT</u>**

If you used this ATM anytime  from January 12, 2010 through February 5, and you were charged a transaction fee for making one or more withdrawals, you may be entitled to compensation.  To find out more, visit www.morecaseinfo.com or call the Settlement Administrator at _____ or class counsel Mike Harrison at (661) 257-2854.

21

Exhibit D

***Scanlan v. Edwards Federal Credit Union***
**CLASS ACTION SETTLEMENT INFORMATION**

Welcome to the settlement information website for Scanlan v. Edwards Federal Credit Union ("EFCU"). This website describes the case and the settlement between Scott Scanlan ("Plaintiff") and EFCU ("Defendant").

We have tried to design this website to help you get information about the proposed settlement of this case. If necessary, however, for further information you can also contact the Settlement Administrator at _____ or Class Counsel at:

Michael T. Harrison
Law Offices of Michael T. Harrison
25876 The Old Road, #304
Stevenson Ranch, CA 91381
(661) 257-2854
(661) 257-3068 (fax)

<u>**DO NOT**</u> **CONTACT THE COURT FOR INFORMATION.**

This case is currently pending in the United States District Court Central District of California as Case No. 10-CV-11-00345 DSF-SSX. The judge is the Honorable Dale S. Fischer. To see a copy of the Complaint, click here.

In the Lawsuit, Plaintiff alleges that Defendant violated the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §1693 et seq., by failing to provide adequate notice of automated teller machine ("ATM") fees. To see a copy of the class action publication notice, <u>click here</u>. To see which ATM allegedly violated the EFTA, <u>click here</u>.

Defendant denies Plaintiff's claims of wrongdoing and both parties have agreed to settle all claims against it to avoid the expense of continued legal proceedings. To see a copy of the Settlement Agreement, <u>click here</u>.

The Court has certified a class for settlement purposes only and preliminarily approved a class action settlement of this case. To see a copy of the Preliminary Approval Order, <u>click here</u>.

The links below provide information about who is a Class Member, the terms of the Settlement Agreement and how Class Members can participate in, object to, or exclude themselves from, the class action settlement of this case.

IF YOU ARE A CLASS MEMBER AND FAIL TO OPT OUT OF THIS SETTLEMENT AGREEMENT IT WILL BECOME BINDING UPON YOU. FURTHERMORE, YOU HAVE THE RIGHT TO OBTAIN COUNSEL IN ORDER TO OBJECT.

**All Potential Class Members**

To find out if you are a Class Member, <u>click here</u>.

If you want to receive money from the Settlement Fund, <u>click here</u>.

If you do not want to be a Class Member (or receive any money from the Settlement Fund), <u>click here</u>.

If you want to object to the settlement of this case as a class action or to the terms of the Settlement

1    Agreement, click here.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit E

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## [PROPOSED] PRELIMINARY APPROVAL ORDER

This matter coming before the Court on the request of the Plaintiff for preliminary approval of a Class Action Settlement Agreement and Release, and based upon the papers submitted to the Court and all of the proceedings had in this matter to date, IT IS HEREBY ORDERED:

1.    Solely for purposes of settlement, the following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):  *All persons who, from January 12, 2010 through February 5, 2011, were charged a transaction fee for making a withdrawal from a personal (not business) account through use of the automated teller machines operated by Edwards Federal Credit Union at 44288 North 10th Street, West Lancaster, California.*

2.    Based on the Plaintiff's Motion (and defendant's non-opposition motion), the parties Stipulation of Settlement, and for settlement purposes only:  (a) the class defined is sufficiently numerous such that joinder is impracticable; (b) common questions of law and fact predominate over any questions affecting only individual Class Members, and include whether or not the alleged absence of an externally posted fee notice at the ATM machines identified above violated the requirements of the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq.; (c) the

claim of Plaintiff Scott Scanlan is typical of the Class Members' claims; (d) Plaintiff Scott Scanlan is an appropriate and adequate representative for the Class, and his attorney, Michael T. Harrison is hereby appointed as Class Counsel; and (e) a class action is the superior method for the fair and efficient adjudication of the claims of the Class Members.

3.    The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it.  In the event that the proposed settlement is not finally approved for any reason, Defendant shall, pursuant to the Settlement Agreement, retain its right to contest certification of the Class.

4.    The Court approves the proposed forms of notice to the Class, and directs that notice be implemented in accordance with paragraph 2.4 of the Settlement Agreement.  Defendant's Counsel will file an affidavit with the Court, at least 5 business days prior to the Fairness Hearing, attesting that notice has been so given.

5.    The Court finds that the notice proposed in paragraph 2.4 of the Settlement Agreement is the only notice to the Class Members that is required and further finds that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

6.    Class Members shall have forty five (45) days after today's date to send in a claim form, opt out or object to the proposed Settlement Agreement.

7.   Any Class Member who wants to receive a monetary portion of the Settlement Fund shall file a Claim Form, which will be available for download at www.morecaseinfo.com or by contacting the Settlement Administrator or Class Counsel.   To be timely, a Claim Form must be mailed to the Settlement Administrator or Class Counsel and postmarked, within 45 days after today's date.

8.   Any Class Member who desires to exclude himself or herself from the Class shall not be bound by the Settlement and shall not be entitled to any of its benefits.   To be timely, a request for exclusion must be sent to the Settlement Administrator, Class Counsel and Defendant's counsel and postmarked within 45 days of today's date.   To be effective, the request for exclusion must make clear that exclusion is sought by stating: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN *SCANLAN V. EDWARDS FEDERAL CREDIT UNION*."   The request for exclusion must also contain the excluded Class Member's name, address and signature.

9.   Any Class Member who objects to the Settlement contemplated by the Agreement shall have a right to appear and be heard at the Fairness Hearing provided that such Class Member files with the Court and delivers to Class Counsel and Defendant's Counsel a written notice of objection together with a statement of reasons for objection, postmarked no later than 14 days before the Fairness Hearing.  Class Counsel and Defendant's Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law no later than 5 days prior to

1   the Fairness Hearing.

2       10.   A  Fairness  Hearing  on  the  fairness  and  reasonableness  of  the

3   Settlement Agreement will be held before this Court on _____ at

4

5   _____ a.m./p.m.

6                              SO ORDERED:

7

8

9                              _____

10                                     Dale S. Fischer
                                       United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

27

Exhibit F

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## [PROPOSED] FINAL APPROVAL ORDER

This matter comes before the Court on the request of Plaintiff and the Class Members for final approval of the Class Action Settlement Agreement and Release (the "Settlement Agreement"), and having considered the papers submitted to the Court and proceedings to date, THE COURT FINDS AS FOLLOWS:

(1) The Court has jurisdiction over the subject matter of this Lawsuit, the Class Representative, the Class Members and Defendant;

(2) Notice was given to the Class pursuant to paragraph 2.4 of the Class Action Settlement Agreement and Release in this matter;

(3) The dissemination of Notice, as provided for in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of Fed. R. Civ. P. 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law;

(4) _____ Members of the Settlement Class opted out of the Settlement Agreement;

(5) _____ Members of the Settlement Class objected to the Settlement Agreement;

(6) The Settlement Agreement is fair, reasonable and adequate.

**THEREFORE, IT IS HEREBY ORDERED:**

A.    That all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

B.    That the Settlement Agreement, including the General Release by Plaintiff to EFCU, Limited Release from the Class members to Edwards Federal Credit Union and Limited Release by EFCU to Plaintiff and Class contained therein, is finally approved and the Parties shall implement it pursuant to its terms;

C.    That, except as to any person who has timely and effectively requested exclusion from the Settlement Agreement, the Court hereby dismisses with prejudice this Lawsuit, including all claims contained therein and all Released Claims;

D.    That this Court reserves exclusive and continuing jurisdiction and venue with respect to consummation, implementation, enforcement, construction, interpretation, performance and administration of the Settlement Agreement or Judgment;

E.    That, except as otherwise provided in the Settlement Agreement or herein, the Parties are to bear their own attorneys' fees and costs; and

F.    That this Court bars and permanently enjoins Plaintiff and all Class Members, except any person who timely and effectively requested

875078.1 4526.090

exclusion from the Settlement Agreement, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant for liability based upon the Released Claims.

SO ORDERED this ___ day of _____, 2011.

_____
Dale S. Fischer
United States District Judge